# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dominick Barksdale

**DEFENDANTS**
Cup King, LLC f/k/a and/or d/b/a and/or a/k/a Smithville Eats Cafe and Nick Holland

**(b)** County of Residence of First Listed Plaintiff: Atlantic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cape May
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Saffren & Weinberg; 815 Greenwood Ave., Ste. 22
Jenkintwon, PA 19046; 215-576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | [x] 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.S Section 1981

Brief description of cause:
Racial Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: April 9, 2021
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNTIED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINICK BARKSDALE<br>1403 Loretta Avenue<br>Mays Landing, New Jersey 08330<br>　　　Plaintiff,<br>　v.<br><br>CUP KING LLC<br>f/k/a and/or a/k/a and/or d/b/a<br>SMITHVILLE EATS CAFÉ<br>6300 Landis Avenue<br>Sea Isle City, NJ 08243<br>　　　and<br>NICK HOLLAND<br>c/o CUP KING, LLC<br>6300 Landis Avenue<br>Sea Isle City, NJ 08243<br>　　　Defendants. | Civil Action<br><br>Jury Trial Demanded |

## COMPLAINT

### I. PRELIMINARY STATEMENT

Plaintiff, Dominick Barksdale brings this action under 42 U.S.C.S. §1981. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' racial discrimination, retaliation, and other tortious actions. discriminatory practices, retaliation, and other tortious actions.

### II. JURISDICTION AND VENUE

1.　Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f) and as this matter is one of Federal Question.

1

2. Plaintiff has complied with all jurisdictional prerequisites as he is not required to exhaust his administrative remedies under 42 U.S.C.S. §1981.

3. Venue is proper in the District of New Jersey, pursuant to 28 U.S.C. §1391 and 42 U.S.C.S. §1981.

4. At all times material hereto, Defendants Cup King, LLC f/k/a and/or a/k/a and/or d/b/a Smithville Eats Café and Nick Holland, (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e and 42 U.S.C.S. §1981.

5. At all times material hereto, Defendant was an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e and 42 U.S.C.S. §1981.

6. At all times material hereto, Plaintiff is afforded the protections provided under 42 U.S.C.S. §1981 as Plaintiff was discriminated against, on the basis of his Race.

7. At all times material hereto, Plaintiff was subjected to severe and pervasive harassment as enumerated *supra*.

8. This Honorable Court maintains Jurisdiction over this matter as it is one of Federal Question.

### III. THE PARTIES

9. Plaintif, Dominick Barksdale (hereinafter "Barksddale"), is an adult male who is African American.

10. Upon information and belief, Defendants owned and operated a café named Smithville Eats Café, located at 45 South New York Avenue, Suite 204, Smithville, NJ 08203.

11. Upon information and belief, Jack Eck (hereinafter "Eck"), a Caucasian male, was

employed by Defendants, as a supervisor, and at all times material hereto had the authority to discipline and terminate the Plaintiff.

12. At all times material hereto, the discrimination enumerated within this Complaint occurred within the State of New Jersey at Defendants', location in Smithville, New Jersey.

## IV. FACTUAL BACKGROUND

13. Plaintiff was hired by Defendants on April 6, 2017, signing a contract for employment with the Defendants.

14. Defendants' employees Jack Eck, and chef Fred Freda signed Plaintiff's employment contract.

15. Plaintiff understood he had been hired by the Defendants as a chef.

16. During the course of his employment, Plaintiff was told by Eck that was unqualified, and that he "was not even a $12.00 an hour line cook" and that he was not even qualified to "wash dishes."

17. Eck then told Plaintiff that Plaintiff could not work for the Defendants as it was "not the vision", which Plaintiff understood to be a disparaging comment about his race, African-American.

18. Plaintiff was pretextually terminated by the Defendants on April 13, 2017.

19. Any acts or omissions attributed herein to Defendants, were committed or omitted by its principals, directors, officers, managers, and/or employees who were acting in the course and scope of their employment with said Defendants.

20. At all times material hereto, Plaintiff was subject to harassment and discrimination based upon his Race, which included a hostile work environment and retaliation.

21. At all times material hereto the harassment, hostile work environment and discrimination to which Barksdale was subjected was unwelcome, severe and unreasonably altered the condition of his employment.

22. Barksdale was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

23. During the course and within the scope of his employment with Defendants, Barksdale was treated less favorably than similarly situated, non-Black employees.

24. At all times material hereto, Eck aided and abetted the aforementioned harassment, hostile work environment and discrimination to which Plaintiff was subjected.

25. The aforementioned conduct of Defendants, their employees, and Eck was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under 42 U.S.C.S. §1981.

26. Notwithstanding, Plaintiff's complaints and clear indication to Defendant that the aforesaid comments and conduct were unwelcome, unwanted and upsetting, the harassing conduct and accusations continued throughout the course of his employment with Defendants.

27. At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

28. As a direct and proximate result of Defendants' aforesaid acts and omissions, the

hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

    (a)    was discharged from his employment to his great financial detriment;

    (b)    was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c)    suffered severe emotional distress, embarrassment, humiliation and depression.

**COUNT I**
**DOMINICK BARKSDALE V. CUP KING LLC f/k/a and/or a/k/a and/or d/b/a SMITHVILLE EATS CAFÉ and NICK HOLLAND**
<u>**VIOLATION OF THE EQUAL RIGHTS UNDER THE LAW 42 U.S.C.S. § 1981**</u>

29.    Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

30.    The conduct of Defendants and their treatment of Barksdale, in his employment violated 42 U.S.C.S. §1981 as Plaintiff's discharge, harassment, hostile work environment, and discrimination was based upon his Race.

WHEREFORE, Plaintiff, Dominick Barksdale, demands judgment against Defendants, including:

    (a)    A declaration that Defendants' actions as described herein violated Title 42 U.S.C.S. §1981;

    (b)    equitable and declaratory relief;

(c) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(d) punitive damages;

(e) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(f) such other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
Pa. Attorney I.D. No.: 039291990
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
P: (215) 576-0100
F: (216) 576-6288
mweinberg@saffwein.com

Dated: 4/9/21

6